UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO.  C-21-1037 |
| | § | |
| MICHAEL AARON GALVAN | § | |

## PLEA AGREEMENT

1. Defendant agrees to plead guilty to Counts ONE (1) of the Indictment. Count 1 charges Defendant with Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2. The statutory maximum penalty for a violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1) is not less than 5 years nor more than 20 years imprisonment, or a fine of not more than $250,000, or both. With a conviction for Count 1, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim of any count of the Indictment. Additionally, under Count 1, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Section 3583(k). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that he/she cannot have the

imposition-or execution of the sentence suspended, nor is he/she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

    a) $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

    b) $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(l) through (3), 2252A(a)(l) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(l) through (5), or 2260(b)), or 2260(b);

    c) $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(l), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in chase in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as

denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty and the Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal and Collateral Review**

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements and Reservations**

7. The United States agrees that, if Defendant pleads guilty to Count 1 of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing.

8. The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

b) to set forth or dispute sentencing factors or facts material to sentencing, including submitting impact materials of victims and members of Defendant's family for the Court's consideration in determining the sentence imposed;

c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

d) to file a pleading relating to these issues, in accordance with § 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, §3553(a); and

e) to appeal the sentence imposed or the manner in which it was determined.

### Defendant's Rights at Trial

9. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for

Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

**Breach of Plea Agreement**

10. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Restitution**

11. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant agrees, should victims be identified, that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

12. Defendant stipulates and agrees that the property listed in the Indictment's Notice of

Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

    Apple iPhone 11 Pro Max, model: A2161, serial Number: FK2ZKUW6N70C, and the

    Apple iPad 2, model: A1823, serial number F9FTWH74HLJJ.

13. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal, or state. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

14. Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

15. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Notification of the Sex Offender Registration and Notification Act**

16. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is

a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

17. This written plea agreement constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

18. Any modification of this plea agreement must be in writing and signed by all parties.

_Kristen Langford-Harris_  April 5, 2022
MICHAEL AARON GALVAN          Date
Defendant   signed on behalf of and with permission by Michael Galvan

_Kristen Langford-Harris_  April 5, 2022
Kristen Langford-Harris          Date
Attorney for Defendant

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: _Molly Smith_           2/14/2022
MOLLY K. SMITH              Date
Assistant United States Attorney